ANA CERDÁ, Plaintiff and Appellant, *v.* SALVADOR OSSORIO, Defendant and Appellee.

No. 9082. Argued June 1, 1945.—Decided November 13, 1945.

316

*Enrique Báez García* for appellant. *Pascasio Fajardo Martínez* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Ana Mariana Cristy was the owner of a lot measuring 345 square meters, situated in the ward of Sábalos, Mayagüez, and recorded at folio 150 of Volume 27 of Mayagüez, property No. 2735, first entry. Out of this property, a lot of 150 meters was segregated and sold, forming property No. 2354 which was recorded on February 25, 1908, at folio 200 of Volume 71 of Mayagüez, first entry. In 1920 there was segregated from the said property No. 2735 another lot of 124.02 square meters which was sold to Andrea Coin and her husband Rufino Camacho, which formed property No. 5356, recorded at folio 199 of Volume 138 of Mayagüez, first entry. After these two segregations, the area of property No. 2735 was reduced to 70.98 square meters. This remainder of 70.98 square meters was sold by Ana Mariana

Cristy to Ana Cerdá, widow of Fajardo, for $70 by deed No. 207, executed in Mayagüez before Notary Guillermo H. Moscoso, on October 10, 1925, and recorded on the 25th of the same month at folio 150, reverse, Volume 57 of Mayagüez.

On December 29, 1905, Ana Mariana Cristy had sold to Celestina Pardo a parcel of 100 square meters which the purchaser did not record. The latter died testate in September, 1938, leaving her nephew, Salvador Ossorio Pardo, as her sole heir, who found that due to the segregations made from property No. 2735, the remainder of 70.98 square meters having been sold to Ana Cerdá, there was nothing left of property No. 2735, and that therefore he was unable to record the lot of 100.20 square meters which he had inherited from Celestina Pardo.

In an attempt to remedy this situation, Salvador Ossorio Pardo instituted a dominion title proceeding in the District Court of Mayagüez to get an order for registration of his title to the 100.20 square meters which he had inherited from Celestina Pardo. In the petition he stated that out of the 100.20 square meters, 70.98 meters had been recorded in favor of Ana Cerdá and he prayed that the latter be summoned by publication, since at that time she was residing outside of Puerto Rico and he did not know her address. The district court ordered that summons be served by publication, and the notice was published in a local newspaper of Mayagüez known as "Diario del Oeste." Ana Cerdá having failed to appear to oppose plaintiff's claim, the court heard the evidence offered by Salvador Ossorio Pardo, upheld his title to the 100.20 square meters of land, and ordered the cancellation of the entry concerning the 70.98 square meters which had been made in favor of Ana Cerdá.

The latter having returned from the United States where she resided temporarily, and learning that her dominion title to the 70.98 square meters which she had bought from Ana Mariana Cristy had been canceled in the registry of prop-

erty, brought this action in the lower court, seeking the annulment of the dominion title in favor of Salvador Ossorio, only as to the 70.98 square meters belonging to her, and of that part of the decision which ordered the cancellation of the entry of the 70.98 square meters which had been made in her favor.

The grounds of plaintiff's contention were: (a) that the order to summon her by publication was void and therefore the court never acquired jurisdiction over her; and (b) that in a dominion title proceeding the court lacks jurisdiction to decree the cancellation of any other contradictory entry whether of dominion or of possession. In support of the latter ground plaintiff alleged that, although the Mortgage Law provides for said cancellation within a possessory title proceeding, wherein the judgment entered is without prejudice to third persons, said law makes no such provision when a dominion title proceeding is sought.

■ Section 393 of the Mortgage Law provides that registrars, before recording an estate or interest by virtue of a possessory title proceeding,[1] shall carefully examine the registry in order to ascertain whether it contains any record relating to the same real property which may be totally or partially canceled as a consequence of such record, and that if they find it, they shall suspend the record, enter a cautionary notice if the person interested should so request, and forward a copy of the record to the judge who may have approved the possessory title proceeding. And paragraphs 3 and 4 of that same Section provide as follows:

"In view thereof, after citation and hearing of the persons who, according to said entry, may have an interest in the real property, the judge shall affirm or revoke the order of approval, informing

[1] In *Canino* v. *Registrar of San Juan,* 31 P.R.R. 413, the procedure to cancel entries of possession or dominion contraditory of the possessory title sought to be recorded was applied by analogy to the cases where record of a dominion title is sought and there exist entries of dominion or possession contradictory thereto.

the registrar in either event of the decision rendered, in order that he may accordingly make the record or cancel the cautionary notice.

"If the persons to be cited should be absent, the formalities required for citations by rule 5 of article 391 shall first be observed."

Rule 5 of § 391 reads in its pertinent part as follows:

"If their whereabouts should be unknown, they shall be cited by means of notices published in the official periodicals of the respective colonial province, for a period of 90 days; and if upon the expiration of these terms, the persons cited should not appear, the court shall approve the proceedings and shall order the interest recorded without prejudice to the rights of the adjoining or part owners, and it shall be made a matter of record that the latter were not heard in the proceedings."

Since in Puerto Rico the official newspapers of the province which existed under the Spanish rule do not exist, and since at the time Ana Cerdá was summoned, the procedure to bring parties under the jurisdiction of the court was governed by the Code of Civil Procedure, we must resort to said Code [2] in order to summon the persons interested in such contradictory entries of dominion or possession.

■ According to the procedure in force now as well as at the time the summons was served, it was required that Ana Cerdá be served personally and only in the event that the circumstances provided by § 94 of the Code of Civil Procedure were present, should she have been summoned by publication, in which case, it is incumbent upon the person applying for said summons to prove the existence of such circumstances.

■ The petition in the dominion title proceeding was filed on November 8, 1940. It was alleged therein that the

---

[2] In his work "*Texto Revisado de la Ley Hipotecaria de Puerto Rico y su Reglamento*," Attorney Luis Muñoz Morales copies Rule 5 of § 391 with regard to summons by publication, as follows:

"Fifth. If the owners of the adjoining property, or a part owner in the property or in the rights of an estate who are to be cited, should be absent, *the court shall cite them according to the provisions of the Code of Civil Procedure; ...*"

title to one part of the property, that is, 70.98 square meters, was recorded in favor of Ana Cerdá; that the latter was absent from Puerto Rico; and that the petitioner did not know her whereabouts, for which reason it was necessary to summon her by publication in a local newspaper.

The petition, however, was not verified and no affidavit was filed setting forth the facts of the petition. No attempt was made at a personal service on Ana Cerdá, prior to the publication of the summons, or to return the summons without being served, setting forth in the return the steps taken to carry out the personal service, as required by the cases construing § 94 of the Code of Civil Procedure. *Goldsmith* v. *Villari*, 27 P.R.R. 726; *Danis* v. *Municipal Court*, 57 P. R.R. 815; *Matos* v. *District Court*, 59 P.R.R. 290; and *Mc Cormick* v. *McCormick*, 61 P.R.R. 812.

Since there was a failure to comply with the requisite provided by § 94 of the Code of Civil Procedure, the lower court did not acquire jurisdiction over Ana Cerdá. *Goldsmith* v. *Villari, supra; Danis* v. *Municipal Court, supra; Matos* v. *District Court, supra;* and *McCormick* v. *McCormick supra.* Therefore, the judgment rendered could not prejudice her title to the lot of 70.98 square meters recorded in her favor.

In view of the above conclusion, we find it unnecessary to pass upon the second assignment of error.

The appeal must be sustained and the judgment appealed from reversed in so far as it declared established in favor of the defendant the ownership of the lot of 70.98 square meters and ordered the cancellation of the record made in the registry of property in the name of Ana Cerdá, and judgment should be rendered by this court in accordance with the terms of this opinion.